H. K. McCANN Co. INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8277. Promulgated November 15, 1928.

*Harold Dudley Greeley, Esq., A. E. Graupner, Esq.*, and *Fred V. Delavina, Esq.*, for the petitioner.

*George G. Witter, Esq.*, for the respondent.

268

OPINION.

PHILLIPS: In *H. K. McCann Company, Inc.*, 14 B. T. A. 234, we reached the conclusion that this petitioner was a personal service corporation in 1918. Most of what we said in that opinion has

equal application to the situation of the petitioner in 1919, the year before us. During this year the petitioner did a larger volume of business than in 1918 and the number of its employees increased. Some of these employees were called upon to perform more important functions than in the former year. The stockholders, however, continued as the active, creative force in the handling of all business and their experience, judgment and planning remained as the foundation of the service rendered. The business of the petitioner continued to be the rendition of advertising counsel and advice to a relatively small number of large advertisers, all of whom had been procured by the stockholders by reason of their advertising experience and all of whom were served personally by the stockholders in matters of importance.

A greater amount of capital was used in the business than in the prior year, petitioner having recourse to substantial loans at the banks, but the circumstances are such as to indicate that such capital played no material part in producing income. It had been the custom of petitioner to bill its clients in time to receive their payments before it made payment for their accounts. Because of the large volume of business and the substantial turnover of clerks in its employ, it fell behind in rendering bills to its clients although it continued to pay all bills of publishers and craftsmen within the discount period. To accomplish this sums were borrowed at the bank from time to time, but except for the amounts used to carry the Liberty and Victory bonds which had been purchased as a patriotic duty, the loans were used for very short periods. The amount outstanding at the end of the year is not representative of the average amount used throughout the year, in fact, it was much greater at the close of the year than at any other time. No advantage accrued to the petitioner from these loans for the discount received from the publishers for prompt payment was passed on to the client although payment was not received from it until after payment had been made to the publisher. The clients it served were corporations of excellent financial standing and did not avail themselves of petitioner's services because of any credit which petitioner could have or may have extended.

We are of the opinion that petitioner was a personal service corporation in 1919 and that its income is to be taxed to its stockholders rather than to it. Since the petitioner is subject to no tax, it becomes unnecessary to discuss the other issues set out in the assignments of error. There is no deficiency.

Reviewed by the Board.

*Decision will be entered accordingly.*